UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-CV-00218-BJB-CHL

PABLO REBOLLAR; and
JESUS ESCRIBANO                                                            PLAINTIFFS

v.

DBC FOOD, LLC
doing business as
MANGO'S MEXICAN RESTAURANT;
CESAR TORO;
BENIGNO ESTRADA; and
OSCAR ESTRADA                                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Partial Summary Judgment (DN 76), Defendants' Motion for Summary Judgment (DN 79), and Defendants' Motion to Dismiss (DN 78). Based on the parties' briefs and discussion during a telephonic hearing (DN 96), the Court denies the motions and orders the parties to confer and jointly submit a proposed scheduling order.

### I.   BACKGROUND

This action is brought on behalf of Plaintiffs Pablo Rebollar and Jesus Escribano to recover unpaid compensation pursuant to the Fair Labor Standards Act and Kentucky law. Second Am. Compl. ¶¶ 1–2 (DN 46). The Defendants are DBC Food, LLC #2 d/b/a Mango's Mexican Restaurant, Cesar Toro, Benigno Estrada ("Benigno"), and Oscar Estrada ("Oscar"). *Id.* at ¶¶ 5–9.

Plaintiffs moved for partial summary judgment, which Defendants opposed. Pls.' Mot. Partial Summ. J. (DN 76); Defs.' Resp. Pls.' Mot. Partial Summ. J. (DN 82); Pls.' Reply Mot. Partial Summ. J. (DN 84). Defendants also moved for summary judgment, which Plaintiffs correspondingly opposed. Defs.' Mot. Summ. J. (DN 79–2); Pls.' Resp. Defs.' Mot. Summ. J. (DN 83); Defs.' Reply Mot. Summ. J. (DN 86). Defendants additionally moved to dismiss Plaintiffs' claims for lack of subject-matter jurisdiction. Defs.' Mot. Dismiss (DN 78).

Defendants' motion to dismiss for lack of subject-matter jurisdiction included additional arguments that Plaintiffs' claims fail as a matter of law.[1] These arguments rely on evidence outside the complaint and are repeated in Defendants' motion for summary judgment. The Court will consider these arguments as part of Defendants' summary-judgment motion.

---

[1] These claims include: Escribano's KRS 337.020 claim, Rebollar's retaliation claims under the FLSA and KRS 337.990(9), and claims against the individual Defendants as joint employers.

## II. DISCUSSION

### A. Defendant's Motion to Dismiss for Lack of Jurisdiction

Defendants moved to dismiss Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(1) due to lack of subject matter jurisdiction. (DN 78-1). Defendants presented record evidence that Plaintiffs' claims do not surmount a jurisdictional threshold of $75,000. *See* Mot. to Dismiss at 3 ("The Defendants move to question the subject matter jurisdiction on a factual attack because discovery has confirmed that the amount in controversy does not and could not exceed the threshold amount of $75,000, required for jurisdiction in this Honorable Court.").

The Court need not consider the Defendants' evidence. *See Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009) (if a court considers facts outside of the complaint when reviewing a motion to dismiss, the court must convert the motion to a motion for summary judgment). Plaintiffs filed this action based upon federal-question jurisdiction, given that their claims arise under the FLSA. Under 28 U.S.C. § 1331, federal courts have original jurisdiction over claims arising under the laws of the United States, regardless of the amount in controversy. Discovery regarding the Plaintiffs' damages is not relevant to this Court's subject-matter jurisdiction in the manner contended by the Defendants.

### B. Motions for Summary Judgment

The parties also filed dueling motions for summary judgment. In determining whether to grant such a motion, the Court must determine whether there is any genuine issue of material fact left for the trier of fact. *See* Fed. R. Civ. P. 56(a). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party meets its burden, then the non-moving party must identify evidence on which a jury could reasonably decide the issue in its favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 252 (1986). In ruling on a summary-judgment motion, the Court must review the cited evidence in the light most favorable to the non-moving party. Fed. R. Civ. P. 56(c); *Tompkins v. Crown Corr, Inc.*, 726 F.3d 830, 837 (6th Cir. 2013).

#### 1. *FLSA Minimum Wage Claim of Escribano*

Both Plaintiffs and Defendants move for summary judgment on Escribano's minimum-wage claim under 29 U.S.C. § 206(a). Pls.' Partial Mot. Summ. J. at 8; Defs.' Mot. Summ. J. at 5. But the summary-judgment record reveals a genuinely disputed issue of material fact regarding the weekly wages paid to Escribano. Based on the evidence identified at this stage, a jury could reasonably find in favor of either party. *See Anderson*, 477 U.S. at 252.

Plaintiffs offer evidence that DBC Food paid Escribano $750 every two weeks, or $375 per week. Specifically, they point to pay stubs for $750 dated two weeks (or more) apart. Toro Dep. (DN 35) at 49:12–50:13. Escribano says he worked around 62 hours per week, which equates to $6.04 an hour—below the federal minimum wage of $7.25. *See* 29 U.S.C. § 206(a)(1)(C); Escribano Decl. (DN 40-5) ¶ 4.

Defendants point to Escribano's own deposition to undermine Plaintiffs' position. Excribano repeatedly testified that he received $750 per week, which is above the federal minimum wage. Defs.' Mot. Summ. J. at 7–8. This testimony, however, is inconsistent with Escribano's interrogatory answers, which attest to biweekly $750 payments. Escribano Interr. Resp. (DN 40-3) at 6. Federal Rule of Civil Procedure 56(c)(1)(A) expressly authorizes parties to resist summary judgment by pointing to contradictory evidence in interrogatory responses. This makes it difficult to determine the amount he was paid, and impossible to rule in either side's favor on summary judgment. *See* Fed. R. Civ. P. 56(a).

### 2. *FLSA Overtime-Wage Claim of Escribano*

Both Plaintiffs and Defendants move for summary judgment on Escribano's overtime-wage claim under 29 U.S.C. § 207(a). Pls.' Mot. Partial Summ. J. at 6; Defs.' Mot. Summ. J. at 5. Again, this Court denies both motions for summary judgment on this claim because the record does not clearly show how many hours Escribano worked or, as discussed above, whether he was paid weekly or biweekly.

Plaintiffs argue their statement of hours worked should be adopted under the framework articulated in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946). That precedent establishes a burden-shifting test when an employer has kept inadequate records and the employee cannot provide suitable replacements: an employee can satisfy his burden of proof "if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Monroe v. FTS USA, LLC*, 860 F.3d 389, 398–99 (6th Cir. 2017) (quoting *Mt. Clemens*, 328 U.S. at 687). If an employee meets the burden, then the burden shifts to the employer to rebut the employee's evidence. *Id.* at 399. If the employer is unable to offer sufficient rebuttal evidence, the Court may award damages to the employee. *Id.*

The parties dispute each step of the *Mt. Clemens* framework. Plaintiffs point to Escribano's declaration that he worked approximately 62 hours a week, Escribano Decl. ¶ 4, and a Department of Labor report that stated a cook at one of Defendants' restaurants worked around 60 hours per week, DOL Rep. (DN 40-4) at 4. But Plaintiffs don't cite any evidence that Escribano was the cook referenced in the report. Pls.' Mot. Partial Summ. J. at 11–12. Rather, Plaintiffs contend Escribano worked similar hours, pointing to witness testimony that all cooks worked the same schedule. Toro Dep. at 72:12–19. The Report, however, did not make such a finding, and at least one Defendant has testified that Escribano only worked 40 hours. B. Estrada Dep. at 80:3-7. The record evidence, here as elsewhere, remains in dispute.

Plaintiffs also utilize a mathematical analysis to attempt to explain the impossibility of running the restaurant with three cooks working fewer than 52 hours per week. Pls.' Mot. Partial Summ. J. at 12. The Defendants point to testimony that the cooks are not the only ones who work in the kitchen, however, and Benigno testified that he also helped cook when he was supervising in the kitchen. B. Estrada Dep. 25:12-19.

3

Neither party is able to provide the number of hours that Escribano actually worked. Plaintiffs provide some circumstantial evidence that Escribano worked at least some overtime hours, but the evidence is contradicted by other parts of the record. Based on the contradictory evidence offered by the parties, a genuine issue of material fact exists regarding whether Defendants owe Escribano compensation for overtime hours.

### 3. *FLSA Minimum-Wage Claim of Rebollar*

The parties also moved for summary judgment on Rebollar's FLSA minimum-wage claims brought under 29 U.S.C. §§ 206(a) and 203(m). Pls.' Mot. Partial Summ. J. at 13; Defs.' Mot. Summ. J. at 10. Under the FLSA, an employer may apply a "tip credit" to some employees' wages for purposes of satisfying the minimum-wage laws. *See Gerry v. Lin*, No. 4:18-CV-00010-JHM, 2019 WL 187870, at *2 (W.D. Ky. Jan. 14, 2019) (citing *Hardesty v. Litton's Mkt. & Rest., Inc.*, No. 3:12-CV-60, 2013 WL 1343920, at *4 (E.D. Tenn. Apr. 2, 2013)). A tip credit applies only if: (1) the employer informs the employee it will apply the tip credit; and (2) employees keep all their tips unless the tips are pooled among other *tipped* employees. 29 U.S.C. § 203(m).

A genuine issue of material fact exists regarding whether Defendants validly applied a tip credit. Whether Defendants forced Rebollar to participate in a mandatory tip-pooling system with non-tipped employees is unclear based on conflicting evidence and testimony. *See* Fed. R. Civ. P. 56(a).

Defendants concede that bussers are not tipped employees. *See* Defs.' Resp. at 14 (bussers are "employees who regularly and customarily *do not receive tips* for their assistance in waiting tables") (emphasis added). Rather, Defendants point to the language of a tip-pooling agreement signed by Rebollar, which states that the tip pooling is a *voluntary agreement* between servers and bussers. Defs.' Mot. Summ. J. at 11 (quoting—but not attaching—the purported agreement). And they point to affidavits of a server and busser previously employed by Defendants; both affidavits state the system was completely voluntary. *Id.* at 13 (same with respect to these affidavits).

But Plaintiffs point to contradictory testimony from Toro that Defendants required assent to the supposedly voluntary agreement. Toro Dep. at 59:6–62:6. Toro could not cite any examples of a server employed at the restaurant who has not agreed to share tips with bussers. *Id.* at 59:8-25. Rebollar also testified that he was told he could quit if he did not like the tip-sharing policy. Rebollar Decl. ¶¶ 6–7.

Based on this conflicting evidence and testimony, neither party has proven the absence of a genuine issue of material fact.

### 4. *FLSA Overtime-Wage Claim of Rebollar*

Next, Plaintiffs and Defendants moved for summary judgment on Rebollar's unpaid-overtime claim brought under 29 U.S.C. § 207(a). Pls.' Mot. Partial Summ. J. at 18; Defs.' Mot. Summ. J. at 17. Like Escribano's over-time claim, the Plaintiffs argue Rebollar is entitled to

summary judgment under the *Mt. Clemens* burden-shifting framework. *See* 328 U.S. at 687. But, also like Escribano's claim, the record is unclear regarding how many hours Rebollar worked.

Plaintiffs point to testimony from Benigno Estrada stating that Rebollar was scheduled to work 5 days a week, and at least occasionally worked from 11:00 to 2:00 and 5:00 to 10:30. Estrada Dep. at 23:5-24:16. That would amount to a 42.5-hour work week. Additionally, Plaintiffs offer a series of timecards indicating Rebollar worked more than 40 hours during multiple weeks. Rebollar Timecards (DN 40-9).

Defendants respond with an affidavit from Oscar Estrada stating he filled out Rebollar's schedule each week—always for 40 hours. O. Estrada Aff. (DN 82-7) ¶¶ 9-10. If any server was approaching 40 hours, Oscar said he would adjust their schedule. *Id.* Defendants also point to the affidavit of another server, Mary Garcia, who stated that when Rebollar asked for extra shifts, Defendants told him he could not work more than 40 hours per week. Garcia Aff. (DN 82-6) ¶¶ 28-29. Additionally, both Oscar and Garcia stated that Rebollar did not report his time properly, even though he was told to do so repeatedly. O. Estrada Aff. ¶¶ 12-18; Garcia Aff. ¶¶ 11-15.

Because neither side has explained how to reconcile the factual disputes and avoid a genuine issue of material fact, both motions for summary judgment fail. *See* Fed. R. Civ. P. 56(a).

### 5. *FLSA Statute of Limitations*

Under the FLSA, the statute of limitations is ordinarily two years, but three years for willful violations. 29 U.S.C. § 255(a). Plaintiffs moved for summary judgment on the basis that the Court should rule that the violations of the FLSA were willful, extending the statute of limitations to three years. Pls.' Mot. Partial Summ. J. 28. Defendants argue there were no violations of the FLSA, therefore there cannot be a willful violation. Defs.' Mot. Summ. J. at 27. "The 'willfulness' of any FLSA violation," courts have recognized, generally "is a factual determination to be made at trial." *Bassett v. Tenn. Valley Auth.*, No. 5:09-CV-00039, 2013 WL 2902821, at *1 (W.D. Ky. June 13, 2013). After initially requesting a willfulness ruling on summary judgment, Plaintiffs backtracked in response to Defendants' motion and acknowledged this is a question for the fact finder. With good reason: here a genuine issue of material fact remains regarding whether Defendants violated the FLSA, and the "willfulness" of any violation is a factual determination best resolved at trial. *Bellar v. City of Auburn*, No. 1:15-CV-00038-GNS-HBB, 2017 WL 157833, at *4 (W.D. Ky. Jan. 13, 2017).

### 6. *Whether Defendants Are Employers Under the FLSA*

Plaintiffs and Defendants both moved for summary judgment on the question whether the individual Defendants are joint employers under the FLSA. *See* 29 U.S.C. § 203(d) ("'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee…"); Pls.'. Mot. Partial Summ. J. at 33; Defs.' Mot. Summ. J. at 27. Because the testimony and evidence are unclear on whether Toro, Oscar, or Benigno qualify as employers, the question is a triable issue of fact reserved for the jury.

To determine who qualifies as an employer under the FLSA:

> The Sixth Circuit employs the "economic realities" test to determine whether an individual may be considered an employer under the FLSA. This test examines whether the individual has a significant ownership interest in [the corporation that employs the plaintiffs], controls significant functions of the business, and determines salaries and makes hiring decisions. The test focuses on whether the individual was the person who made the decisions that allegedly violated the FLSA. Thus, a plaintiff must plead and prove that the individual defendant: (1) was a "corporate officer" of the covered employer; (2) held a "significant ownership interest" in the covered employer; and (3) exercised "operational control of significant aspects of the corporation's day to day functions."

*Gonzalez v. HCA, Inc.*, No. 3:10-00577, 2011 WL 3793651, at *13 (M.D. Tenn. Aug. 25, 2011) (internal citations and quotations omitted).

Plaintiffs describe Toro as the "owner and principal" of the restaurant, citing testimony from Rebollar indicating Toro would come in to direct and pay employees. Second Am. Compl. ¶ 5; Rebollar Dep. at 36:2–3; 37:11–39:16. Defendants argue that Toro is not an "employer" under the FLSA, pointing to Rebollar's testimony that Toro didn't employ him, set his schedule, discuss pay with him, or change his pay rate. Rebollar Dep. at 40:10–20. The conflicting testimony precludes summary judgment on this point.

Defendants also argue that Benigno Estrada does not qualify as an employer. The Plaintiffs point to evidence that Benigno is a partner at the restaurant, leases the restaurant's premises and equipment, helps manage the restaurant's finances, and helps train the cooks. Toro Dep. at 62:13–63:13. Defendants do not point to any record evidence disputing these facts, but maintain that even accepting Plaintiffs' citations, that evidence would not necessarily satisfy the elements of the "economic realities" test. *See* Defs.' Mot. Summ. J. at 29. Because the Defendants failed to meet their burden of establishing an absence of a genuine issue of material fact regarding Benigno Estrada's status as joint employer, summary judgment is inappropriate on the joint-employer question.

Defendants also contend that Plaintiffs lack evidence showing Oscar Estrada held a significant ownership interest. Defs.' Mot. Summ. J. at 30; Pls.' Resp. Defs.' Mot. Summ. J. 23.[2] Here, too, they fail to support this motion with any record evidence and therefore fail to meet their burden of establishing an absence of a genuine issue of material fact regarding Oscar Estrada's status as joint employer.

### 7. *Retaliation*

Defendants sought summary judgment on Rebollar's claim for retaliation under 29 U.S.C. § 215(a)(3). Defs.' Mot. Summ. J. at 20. The FLSA makes it unlawful to discriminate or discharge any employee for filing a complaint or instituting a proceeding under the FLSA. *Id.*

To make out a prima facie case for a retaliation claim the employee must establish:

---

[2] Plaintiffs did not move for summary judgment with respect to Oscar Estrada as a joint employer.

> (1) he or she engaged in a protected activity under the FLSA; (2) his or her exercise of this right was known by the employer; (3) thereafter, the employer took an employment action adverse to her; and (4) there was a causal connection between the protected activity and the adverse employment action.

*Adair v. Charter County of Wayne*, 452 F.3d 482, 489 (6th Cir. 2006) (citing *Williams v. Gen. Motors Corp.*, 187 F.3d 553, 568 (6th Cir. 1999)). If the employee satisfies his prima facie case, the burden shifts to the employer to offer an alternative non-discriminatory reason for the employment action. *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

Defendants argue that Rebollar cannot satisfy the first element of the test. Defs.' Mot. Summ. J. at 22. The FLSA requires employees to provide more than a "vague complaint[]," but does not require that the complaint speak with "formality, clarity, or precision." *Yazdian v. ConMed Endoscopic Techs., Inc.*, 793 F.3d 634, 645 (6th Cir. 2015) (citing *Stevens v. Saint Elizabeth Med. Ctr., Inc.*, 533 F. App'x 624, 631 (6th Cir. 2013)).

The two sides appear to agree that Rebollar never complained directly to management about potential FLSA infractions. Pls.' Resp. Defs.' Mot. Summ. J. at 14. Rebollar, however, testified that he complained about the restaurant's alleged policy of tipping bussers to a group of individuals that included a manager's nephew. *See Simpson v. Vanderbilt University*, 359 F. App'x 562, 571 (6th Cir. 2009) ("This Court has interpreted 'protected activity' broadly to include 'complain[ts] to … other employees … about allegedly unlawful practices.'") (quoting *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 579 (6th Cir. 2000)). Two days later, he was terminated. Rebollar Dep. 87:16-20. The record suggests Defendants may have known about this complaint when they terminated him; when Toro called to terminate Rebollar, he allegedly told Rebollar that he could go ahead and sue them. *Id.* 90:8-12. Based on this evidence, and the lack of countervailing evidence establishing what non-FLSA topic Rebollar and Toro may have been referring to, a jury might reasonably find that Defendants knew Rebollar engaged in protected activity when they fired him.

Defendants nevertheless contend they have undisputed evidence of a non-discriminatory reason for the termination that would carry their burden even assuming Rebollar carried his. *See Adair*, 452 F.3d at 489. Defendants contend Rebollar was let go because he called Defendant at an inappropriate time and used bad language. Defs.' Mot. Summ. J. at 22-23. Yet they do not point to *any* evidence in the record regarding this phone call—neither its date nor its content. The Court declines to issue summary judgment for Defendants at this stage.

### 8.     *State-Law Claims*

Both Plaintiffs and Defendants also brought summary-judgment motions regarding the state-law claims at issue. As to KRS 337.065 and KRS 337.275, those statutes mirror the FLSA minimum-wage and overtime provisions discussed above. *See* KRS 337.065 (stating no employer shall require an employee to participate in a tip pooling scheme); *see also* KRS 337.275 (requiring employers to pay a minimum wage of $7.25 per hour). When a Kentucky statute is similar to a federal statute, "its language will normally be interpreted consistent with federal law." *In re*

*Amazon.com, Inc., Fulfillment Center Fair Labor Standards Act (FLSA) and Wage and Hour Litigation*, 852 F.3d 601, 610 (6th Cir. 2017) (the Kentucky Wages and Hours Act is "Kentucky's analogue" to the FLSA) (internal quotations and citation omitted). So summary judgment is inappropriate for the same reasons set forth above regarding the related FLSA claims.

Additionally, Defendants move for summary judgment on Rebollar's retaliation claim under KRS 337.990(9). This cause of action is also consistent with that under the FLSA, 29 U.S.C. § 215(a)(3), discussed above. Defendants' motion again fails for the same reasons given above.

This Court also denies both parties' motions for summary judgment under KRS 337.020, which requires an employer to pay an employee's wages earned "not more than eighteen … days prior to the date of that payment." Pls.' Mot. Partial Summ. J. at 28; Defs.' Mot. Summ. J. at 25. Plaintiffs argue that by failing to pay minimum wage, in violation of KRS 337.275 and 29 U.S.C. § 206(a), Defendants also violated KRS 337.020. Because a genuine issue of material fact remains regarding whether the Defendants paid Plaintiffs minimum wage, as discussed above, the summary-judgment request fails.

Finally, both parties' motions for summary judgment on claims under KRS 337.320 fail as well. Pls.' Mot. Partial Summ. J. at 26; Defs.' Mot. Summ. J. at 24. These claims turn on how time was kept and whether Defendants kept their time properly. *See* KRS 337.320 (requiring employers to keep records of payments to and hours worked by employees for at least one year). While Plaintiffs point to gaps in the Defendants' pay- and time-keeping records, the Defendants assert that the Plaintiffs themselves refused to follow the time-keeping system in place at the restaurant. *See White v. Baptist Memorial Health Care Corp.*, 699 F.3d 869, 876 (6th Cir. 2012) ("if an employer establishes a reasonable process for an employee to report uncompensated work time the employer is not liable for non-payment if the employee fails to follow the established process"); O. Estrada Aff. ¶¶ 12–18; Garcia Aff. ¶¶ 11–15. As a result, neither party has demonstrated entitlement to summary judgment on this issue.

### III. CONCLUSION

The Court denies Plaintiffs' Motion for Partial Summary Judgment (DN 76), denies Defendants' Motion for Summary Judgment (DN 79), and denies Defendants' Motion to Dismiss (DN 78).

The Court orders both sides to confer regarding a schedule that would take them to a final pretrial conference and address any and all other pretrial motions or issues that remain outstanding, including mediation. The parties should jointly propose a schedule for the Court's consideration within 30 days of this order, noting the parties' respective positions on any points of disagreement. The parties should also indicate whether a bench trial before the district judge or a bench or jury trial before the magistrate judge could be appropriate in this case, as well as the anticipated duration of a trial.

cc: counsel of record

Benjamin Beaton, District Judge
United States District Court

October 19, 2021